UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRITIKA SHARMA,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY,<br><br>Defendant. | Civil Action No.: 26-cv-13502 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Trustees of Boston University ("Boston University") removes this action from the Superior Court of Massachusetts, Suffolk County, to this Court. In support thereof, Boston University states:

## Background

1.     On or about July 30, 2026, Plaintiff Pritika Sharma filed a Complaint against Boston University in the Superior Court of Massachusetts, Suffolk County, 2684CV02277 (the "State Court Action").

2.     Boston University has not yet been formally served with the Complaint and Summons in the State Court Action.

3.     Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of all documents filed in the State Court Action are attached as Exhibit A.

4.     Contemporaneous with the Complaint (Ex. A-1), Plaintiff also filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "TRO Motion") (Ex. A-3).

1

11064790v1

**Venue**

5.      The United States District Court for the District of Massachusetts is the federal judicial district embracing the Superior Court of Massachusetts, Suffolk County, where this action was originally filed. Therefore, pursuant to 28 U.S.C. §§ 101, 1441(a), assignment to the United States District Court for the District of Massachusetts is proper.

**Grounds for Federal Question Jurisdiction**

6.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims, which arise under the laws of the United States.

7.      Plaintiff's Complaint nominally alleges causes of action for: (1) common law breach of contract; (2) common law promissory estoppel/detrimental reliance; (3) common law negligent misrepresentation; and (4) declaratory judgment under Mass. G.L. c. § 231A.

8.      In reality, it is plain that Plaintiff's claims arise under federal law.  In her preliminary summary of the Complaint, Plaintiff, a citizen of India, Ex. A at ¶ 6, describes the action as one "arising from BU's threatened termination of Plaintiff's Student and Exchange Visitor Information System ('SEVIS') record."  This Court has previously explained SEVIS as follows:

> SEVIS was created as a result of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546, 3009-704 (codified as amended at 8 U.S.C. § 1372). Today, the head of Immigration and Customs Enforcement ("ICE") is "responsible for administering" SEVIS "to collect information relating to nonimmigrant foreign students" and "use such information to carry out the enforcement functions of" ICE. 6 U.S.C. § 252(a)(4). ICE runs SEVIS through the Student and Exchange Visitor Program ("SEVP"). *See Liu v. Noem*, 780 F. Supp. 3d 386, 394 (D.N.H. 2025); 9 FAM 402.5-4(A)(a).
>
> Universities use SEVIS to become certified for F-1 student attendance. 8 C.F.R. § 214.3(a)(1). An institution that accepts F-1 students is obligated "to report ... termination of attendance of each nonimmigrant student" or else lose its certification. See 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.3(g)(1)-(2). Participating institutions must maintain certain records of F-1 students, and a

designated school official ("DSO") must make records available and furnish them to DHS upon request. 8 C.F.R. § 214.3(g). Schools must also use SEVIS to issue Form I-20 to individuals seeking a new F-1 visa. Id. § 214.2(f)(1)(iii).

*Öztürk v. Trump*, 819 F. Supp. 3d 45, 51-52 (D. Mass. 2025).

9.     Further, as articulated in the preceding quotation, federal regulations governing SEVIS are found at 8 C.F.R. Part 214, which are principally promulgated under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* In her Complaint, Plaintiff alleges that Boston University's "inten[tion] to terminate her SEVIS record" is a "violation of 8 C.F.R. § 214.2(f)(5)(i) and/or (f)(9)."  Ex. A-1 at ¶ 18.

10.     That Plaintiff's claims arise under federal law is further evidenced by the relief she seeks.  Specifically, in the Complaint's Prayer for Relief, Plaintiff requests that a Court:

a.     Issue a temporary restraining order and preliminary injunction enjoining BU from terminating, or requesting termination of, Plaintiff's SEVIS record, or taking any other adverse SEVIS or immigration-reporting action against her, pending final resolution of this action; [and]

b.     Declare that BU's threatened termination of Plaintiff's SEVIS record on the alleged basis is barred by BU's own conduct as set forth above[.]

Ex. A-1 at p. 9.

11.     Similarly in her TRO Motion, Plaintiff requests that a Court order that:

Defendant, Trustees of Boston University, its officers, agents, servants, employees, and all persons in active concert or participation with it, are TEMPORARILY RESTRAINED from terminating, or submitting any request or notation to terminate, Plaintiff's SEVIS record, and from reporting Plaintiff to SEVP, DHS, ICE, or any other federal agency as being out of status or engaged in unauthorized employment based on the conduct alleged in the Complaint, pending further order of this Court.

Ex. A-7 at 1.

12.     Consequently, Plaintiff's Complaint is preempted by federal law.  As explained by the First Circuit:

11064790v1

> Pertinently, certain state claims are subject to removal, even if they purport to rest only on state law, because the subject matter is powerfully preempted by federal law, which offers some "substitute" cause of action. The articulation—theory is too kind a term—is that these are federal claims in state law clothing and, to defeat artful pleading, the district court can simply "recharacterize" them to reveal their true basis. The phrase "complete preemption" is sometimes used to describe this doctrine.

*Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008) (citation omitted).

13.     Complete preemption exists where there is "exclusive federal regulation of the subject matter of the asserted state claim, coupled with a federal cause of action for wrongs of the same type." *Fayard v. Northeast Vehicle Servs., LLC*, 533 F.3d 42, 46 (2008).  Both elements exist here.

14.     First, it is clear that "[t]he government of the United States has broad, undoubted power over the subject of immigration and the status of aliens." *Arizona v. U.S.*, 567 U.S. 387, 394 (2012).   Indeed, "the federal Government has occupied the field of alien registration." *Id.* at 401.  As recognized by the Supreme Judicial Court of Massachusetts, "[t]here is no question that immigration law is strictly within the purview of the Federal courts," *In re Adoption of Peggy*, 436 Mass. 690, 698 (2002), and that "a person's immigration status remains a matter solely governed by Federal law," *Guardianship of Penate*, 477 Mass. 268, 274 (2017).

15.     Second, the proper avenue for challenging an alien's immigration status as a result of a SEVIS record termination is to bring an action against the Department of Homeland Security under the federal Administrative Procedure Act ("APA").  *See Öztürk*, 819 F. Supp. at 56-57 (reviewing challenge to termination of SEVIS record under APA); *Patel v. Lyons*, 827 F. Supp. 3d 1, 8-9 (D.D.C. 2026) (same); *Doe v. Trump*, 784 F. Supp. 3d 1297, 1311-12 (N.D. Cal. 2025) (same).

4

16.     To that end, Boston University is not a proper defendant in this action.  The federal regulations governing SEVIS require schools to take a variety of actions.  *See* 8 C.F.R. § 214.3(g)(2) (listing numerous changes schools "must" or are "required to report" within SEVIS); *Liu v. Noem*, 708 F. Supp. 3d 386, 394 (D.N.H. 2025) ("DSOs at the students' schools are required to report to SEVP, via SEVIS, when a student fails to maintain status."); *Ortega Gonzalez v. Noem*, 2025 WL 1355272, at *1 (D. Or. May 9, 2025) (same).  Actions against schools or their officials for "merely fulfilling [their] duty under federal law to update the SEVIS database" are "legally frivolous."  *Fenghui Fan v. Brewer*, 377 Fed. Appx. 366, 368 (5th Cir. 2010); *see also Zhao v. Virginia Polytechnic Inst. and State Univ.*, 2018 WL 5018487, at *4-5 (W.D. Va. Oct. 16, 2018) (dismissing claims against school arising out of required changes to SEVIS and stating that "whatever due process [plaintiff] is owed with respect to these issues is the prerogative of and provided for in the immigration courts, not the hallways of Virginia Tech."); *Bakhtiari v. Beyer*, 2008 WL 3200820, at *1-3 (E.D. Mo. Aug. 6, 2008) (no private right of action against university and its officials for changes made to SEVIS).

17.     For all of the above reasons, Plaintiff's Complaint and every cause of action therein is preempted by federal immigration law, including specifically the Immigration and Nationality Act.

18.     To the extent any of Plaintiff's state law claims are not preempted, this Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1337(a) because they relate to claims over which this Court has original jurisdiction and which form part of the same case or controversy under Article III of the United States Constitution.

5

**Notice to State Court**

19.     Pursuant to 28 U.S.C. § 1446(d), undersigned counsel is contemporaneously filing written notice of removal with the Clerk of the Superior Court of Massachusetts, Suffolk County, and served the same on counsel for Plaintiff.

WHEREFORE, Boston University hereby removes the State Court Action to this Court's jurisdiction.

Dated: July 31, 2026                     Respectfully submitted,

                                         TRUSTEES OF BOSTON UNIVERSITY,

                                         By its counsel,

                                         */s/ Christopher R. Deubert*
                                         Christopher R. Deubert
                                           *cdeubert@constangy.com*
                                         Alexandra D. Thaler
                                           *adthaler@constangy.com*
                                         CONSTANGY, BROOKS, SMITH & PROPHETE LLP
                                         800 Boylston Street, Suite 1005
                                         Boston, MA 02199
                                         Telephone: 617.849.7880
                                         Facsimile: 617.849.7870

**CERTIFICATE OF SERVICE**

I, Christopher R. Deubert, hereby certify that, on July 31, 2026, a true and correct copy of the foregoing document was electronically filed through the Court's CM/ECF system and was served upon counsel of record for the Plaintiff via electronic mail.

                                         */s/ Christopher R. Deubert*
                                         Christopher R. Deubert

6

11064790v1