UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PRITIKA SHARMA,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 1:26-cv-13502-WGY |

## <u>MEMORANDUM AND ORDER</u>

BURROUGHS, D.J.

In this action, Plaintiff Pritika Sharma ("Sharma") asserts claims against Defendant

Trustees of Boston University ("BU") under Massachusetts law for breach of contract,

promissory estoppel, negligent misrepresentation, and declaratory judgment, related to her record

in the Department of Homeland Security's Student and Exchange Visitor Information System

("SEVIS").  [ECF No. 1-1 at 7–9 ( "Complaint" or "Compl.")].  Before the Court is Sharma's

motion for a preliminary injunction seeking to enjoin BU from (1) terminating, or submitting any

request or notation to terminate, Plaintiff's SEVIS record; (2) reporting Plaintiff to the Student

and Exchange Visitor Program ("SEVP"), the Department of Homeland Security ("DHS"),

Immigration and Customs Enforcement ("ICE"), or any other federal agency as being out of

status or engaged in unauthorized employment based on the conduct alleged in the Complaint;

and (3) taking any other action that would adversely affect Plaintiff's F-1 nonimmigrant status.

[ECF No. 6].  For the reasons stated on the record at the August 5, 2026, hearing, as

supplemented below, the motion is **DENIED**, and this case shall be immediately **REMANDED** to Massachusetts Superior Court.

Sharma is a citizen of India and doctoral candidate in anthropology at BU who has lawfully resided in the United States in F-1 nonimmigrant student status for 10 years. [ECF No. 11 ¶ 2]. On June 29, 2026, Sharma accepted a role teaching a summer course at BU, which she taught for approximately two weeks. [Id. ¶ 3]. When she started in the role, Sharma had not obtained formal employment authorization. [ECF No. 1-1 at 54]. She nonetheless believed that her employment arrangement had been authorized, based in part on assurances from the Chair of BU's Department of Anthropology that starting work "has to be ok" and that she should "just go ahead as if it's all fine." [Id. at 37–38]; [ECF No. 11 ¶ 5]. BU also did not provide Sharma with any hiring paperwork, onboarding materials, or guidance on F-1 work authorization limits before allowing her to start work. [ECF No. 11 ¶ 4]. On July 16, 2026, Sharma was informed by BU that it intended to terminate her record in SEVIS on August 6, 2026, due to her unauthorized employment. [ECF No. 1-1 at 54].

SEVIS is a database in which schools who participate in the Department of Homeland Security's Student and Exchange Visitor Program ("SEVP") are required to maintain up-to-date information about the international students they enroll, including the students' names, addresses, coursework, academic status, graduation dates, and whether they are maintaining appropriate F-1 visa status. 8 C.F.R. § 214.3(g). Schools are required to report on SEVIS within 21 days "any student who has failed to maintain status or complete his or her program." 8 C.F.R. § 214.3(g)(2)(ii)(A). A student may "fail to maintain status" by, among other things, engaging in "[a]ny unauthorized employment." 8 C.F.R. § 214.1(e).

Sharma sued BU in Massachusetts Superior Court on July 30, 2026, claiming that BU's conduct—assuring Sharma she was allowed to work and then threatening to terminate her SEVIS record—constituted a breach of contract, negligent misrepresentation, and inducement of detrimental reliance warranting promissory estoppel under Massachusetts law. [ECF No. 1-1 at 7–9]. On July 31, 2026, BU removed the case to this Court, arguing that the involvement of SEVIS and Department of Homeland Security regulations provided a basis for federal question jurisdiction under 28 U.S.C. § 1331. [ECF No. 1]. Sharma filed the present motion on August 4, 2026. [ECF No. 6].

The Court disagrees with BU's contention that this case falls within the Court's federal question jurisdiction. Under longstanding precedent, "the determination of [federal question] jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9–10 (1983)). Thus, "most often, federal [question] jurisdiction attaches when federal law creates the cause of action asserted." Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374, 383 (2016). "[O]rdinary preemption—i.e., that a state claim conflicts with a federal statute—is merely a defense and is not a basis for removal." Fayard v. Ne. Veh. Servs., LLC, 533 F.3d 42, 45 (1st Cir. 2008) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 115–16 (1936)).

Because Sharma asserts only state law claims in her Complaint, [ECF No. 1-1 at 7–9], BU relies on a narrow doctrine known as "complete preemption" to invoke this Court's jurisdiction. [ECF No. 1 ¶¶ 12–17]. Under that doctrine, a complaint raising nominally state law claims may nonetheless fall within a federal court's jurisdiction if there is (1) "exclusive federal

3

regulation of the subject matter of the asserted state claim," and (2) "a federal cause of action for wrongs of the same type." Fayard, 533 F.3d at 46.  When those conditions are met, a federal court may conclude that "what a plaintiff calls a state law claim is to be recharacterized as a federal claim," thus allowing it to exercise jurisdiction.  Id. at 45.

Here, BU has not shown that there is a "counterpart federal cause of action that allows the state claim to be transformed into a federal one." Fayard, 533 F.3d at 46.  The thrust of Sharma's state law claims is that BU should not be allowed to lead Sharma to believe that she had work authorization and then penalize her for relying on its representations.  [ECF No. 1-1 at 7–9].  Even though Sharma's claims relate factually to a federal regulatory scheme, BU has not directed the Court to any cause of action created by federal law that is equivalent to this "kind of claim or wrong." Fayard, 533 F.3d at 47.  BU argues that the counterpart federal cause of action is "an action against the Department of Homeland Security under the federal Administrative Procedure Act ('APA')."  [ECF No. 1 ¶ 15].  A state law claim, however, cannot be completely preempted by a federal cause of action that is not available against the named defendant.  See, e.g., Rhode Island v. Shell Oil Prods. Co., 35 F.4th 44, 58, 58 & n.11 (1st Cir. 2022) (finding that the Clean Air Act did not completely preempt state law environmental claims against private polluters because it did not provide a "federal cause of action for suits against private polluters," even though it "let[] states initiate federal-court challenges to actions by the Environmental Protection Agency" (citation omitted)).  Moreover, the basis for an APA claim is agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), whereas the types of wrongs at issue in Sharma's state law claims are distinct, both factually and legally.  Accordingly, because the complete preemption doctrine does

not apply, the Court lacks jurisdiction over Sharma's state law claims and will remand the case back to the Massachusetts Superior Court.

Although the Court finds that it lacks jurisdiction over Sharma's state law claims, it notes, for the sake of completeness, that it would be unable to grant the injunctive relief Sharma requests even if her claims were within its subject matter jurisdiction. To obtain a preliminary injunction, a party must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Arenella v. Cregg, No. 14-cv-14764, 2016 WL 1555680, at *2 (D. Mass. Apr. 15, 2016). A sufficiently strong relationship exists "where the preliminary injunction would grant relief of the same character as that which may be granted finally." Kosilek v. Misi, 630 F. Supp. 3d 328, 334 (D. Mass. 2022) (citing Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015)) (further citations omitted). As more fully discussed on the record during the August 5, 2026, hearing, Sharma has not shown that an injunction prohibiting BU from complying with its federal reporting obligations would ultimately be an appropriate form of relief for any of her underlying claims, even if they succeed. See 8 C.F.R. § 214.3(g)(2)(ii)(A).

For the foregoing reasons, Sharma's motion is **DENIED**, and this case shall be **REMANDED** to the Massachusetts Superior Court immediately. As stated on the record at the August 5, 2026, hearing, the Court encourages BU, to the extent possible, to notify the Department of Homeland Security of the circumstances—including the short duration of Sharma's employment and the conditions that may have led her to believe she was cleared to work—in conjunction with any reports it makes concerning her unauthorized employment or any steps it takes to terminate her SEVIS record.

**SO ORDERED.**

August 6, 2026                                          */s/ Allison D. Burroughs*
                                                       ALLISON D. BURROUGHS
                                                       U.S. DISTRICT JUDGE